U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 0 2 2015

TONY R. MOORE, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JIMMY TORRES (#93181-280)         DOCKET NO. 1:15-CV-2337; SEC. P

VERSUS                            JUDGE DRELL

WARDEN                            MAGISTRATE JUDGE KIRK

REPORT AND RECOMMENDATION

Pro se Petitioner Jimmy Torres filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner attacks his 2013 sentence imposed in the United States District Court for the Western District of Texas.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Procedural History*

Pursuant to a written plea agreement, Petitioner entered guilty pleas on November 6, 2012 before the Magistrate Judge to one count of possession of a firearm by a prohibited person, one count of possession of a firearm by an illegal alien, and twenty-nine counts of making false statements during the purchase of a firearm. (Case 5:12-cr-00359, W.D.Tex., Doc. #599). In an Order issued November 7, 2012, the Court accepted the Magistrate Judge's recommendation and accepted the guilty pleas. On April 4, 2013, Petitioner was sentenced to serve (1) concurrent 120-month terms of

imprisonment for the first two counts, (2) concurrent 60-month terms of imprisonment on the remaining counts, with (3) the sixty-month terms to be served consecutively to the 120-month terms for a total of 180 months. (Case 5:12-cr-00359, W.D.Tex., Doc. #599). On April 17, 2013, an Amended Judgment was entered, setting the same terms of imprisonment. (Case 5:12-cr-00359, W.D.Tex., Doc. #599). Petitioner did not appeal his conviction or sentence.

Petitioner filed a Motion to Vacate under 28 U.S.C. §2255 in the sentencing court, claiming ineffective assistance of counsel. The court found that Petitioner's allegations were conclusory and did not meet the test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984).

In the petition now before the Court, Petitioner claims that his sentence is unconstitutional because it should not have been consecutive.

### *Law and Analysis*

A writ of habeas corpus filed under §2241 and a motion to vacate, set aside, or correct a sentence filed under §2255 are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241 is generally used to attack the manner in which a sentence is executed. Id. A petition filed under §2241

that attacks errors that occurred at trial or sentencing should be dismissed or construed as a §2255 motion. See id. at 877-78.

Although 28 U.S.C. §2255 is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence, §2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 "savings clause." See Garland v. Roy, 615 F.3d 391, 396 (5th Cir. 2010); citing Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

The "savings clause" states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The Fifth Circuit has interpreted §2255(e) to mean that there are three "factors that must be satisfied for a petitioner to file a §2241 petition in connection with §2255's savings clause." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)(citing Reyes-Requena, 243 F.3d 893). They are: (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision; (2) the claim was previously foreclosed by circuit law at the time when it should have been raised in petitioner's trial,

3

appeal or first §2255 motion; and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. See Garland, 615 F.3d at 394, citing Reyes-Requena, 243 F.3d at 904 and Christopher v. Miles, 342 F.3d 378, 382 (5th Cir. 2003). Petitioner meets none of the above factors.

Section §2241 is not a mere substitute for §2255 and the inadequacy or inefficacy requirement is stringent. See Pack v. Yusuff, 218 F.3d at 452 (holding that the §2255 remedy may be found ineffective or inadequate "only in extremely limited circumstances"). Furthermore, the petitioner bears the burden of proving the inadequacy or ineffectiveness of a §2255 motion. Id. Although Petitioner filed this petition under 28 U.S.C. §2241, he challenges the validity of his federal sentence. Such a claim is properly raised in a motion under §2255. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000) (finding that although Petitioner characterized his claim as a challenge to the legality of his detention under §2241, he was actually challenging the manner in which his sentence was determined and the claim thus had to be raised in a motion under §2255). Petitioner's claim that §2255 is inadequate or ineffective because "the sentencing court refused to entertain the merits of Petitioner's claims" does not meet the stringent test established by the Fifth Circuit.

Before filing a second or successive Section 2255 petition,

Petitioner must get approval from the appropriate Court of Appeals. The instant petition for writ of habeas corpus must be dismissed for lack of jurisdiction. See Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003).

## Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DISMISSED for lack of jurisdiction.**

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 2nd day of December, 2015.

```
_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE
```